IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SCOTT EUGENE ESCHE SR.,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>Respondent. | Civil Case 2:25-CV-179-Z-BR |

**MEMORANDUM OPINION AND ORDER**

Petitioner Scott Eugene Esche Sr. ("Esche") filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254. ECF No. 1. Having considered the petition, the response, the record and applicable authorities, the Court **DENIES** Esche's petition for the reasons set forth below.

**BACKGROUND**

On October 7, 2022, after entering a guilty plea, Esche received concurrent 10-year sentences on each of two counts of indecency with a child by sexual contact. *See* Cause No. 32509A, *State of Texas v. Scott Eugene Esche*, formerly pending in the 47th Judicial District of Randall County, Texas. ECF No. 15-4; ECF No. 15-9 at 45–50, 53–58. Pursuant to his plea agreement, he waived his right to file a direct appeal. *Id.* at 70.

On September 24, 2024, Esche filed a state application for writ of habeas corpus with the Texas Court of Criminal Appeals ("TCCA"). *See Ex parte Esche*, No. 96,271-03 (Tex. Crim. App. 2025); ECF No. 15-1 at 19. The TCCA denied his application without written order on January 22, 2025. ECF No. 15-7. The TCCA denied his motion for reconsideration on February 19, 2025. ECF No. 1 at 17.

Esche filed his Section 2254 petition on July 25, 2025, in the San Antonio Division of the U.S. District Court for the Western District of Texas. ECF No. 1. The petition was

transferred to this Court on August 6, 2025. ECF No. 4. On December 9, 2025, the government filed its answer, alleging that Esche's claims are time barred. ECF No. 16. Esche did not file a reply.

LEGAL ANALYSIS

A state prisoner ordinarily has one year to file a federal habeas petition, starting from the date upon which the judgment of conviction became final by "the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. Section 2244(d)(1)(A). Esche's conviction became final on November 6, 2022, when the period for timely filing a direct appeal expired. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); TEX. R. APP. PROC. 26.2(a). Consequently, the one-year period for Esche to timely file a federal habeas petition expired on November 6, 2023, absent tolling.[1]

**I. Statutory Tolling Does Not Apply.**

Esche filed his state habeas petition on September 24, 2024, which was outside the one-year statute of limitations for his federal habeas petition set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 15-1 at 19. State habeas applications filed after expiration of the one-year federal limitations period do not statutorily toll the limitations period. *See* 28 U.S.C. Section 2244(d)(2). Because Esche's state habeas application was filed more than 10 months after the one-year limitations period expired, he is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[S]tate habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.").

**II. Equitable Tolling Does Not Apply.**

[1] Esche does not allege a state-created impediment that prevented timely filing of his claims, nor does he base his claims on any new constitutional right. Further, the facts supporting his claims became or could have become known prior to the date the judgment of conviction became final. Therefore, the provisions of Sections 2244(d)(1)(B)-(D) do not change the accrual date of his claims.

To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). A petitioner must pursue the habeas process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Equitable tolling applies principally when the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The burden of proof rests with the petitioner, who must meet both prongs of the equitable tolling test. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

Esche makes no attempt to seek equitable tolling. When asked in his habeas form to explain why the statute of limitations does not bar his petition, Esche claimed that the petition was timely because it was filed within one year of the TCCA's denial of his state habeas petition. ECF No. 1 at 13. As noted above, however, his state habeas petition did not toll the federal limitations period. Esche did not file a reply brief to address the Respondent's contention that he is not entitled to equitable tolling. Consequently, Esche failed to show that equitable tolling is warranted.

For the reasons stated above, Esche's petition for writ of habeas corpus (ECF No. 1) is **DENIED** with prejudice.

**CERTIFICATE OF APPEALABILITY**

Additionally, the Court **DENIES** a certificate of appealability ("COA").[2] A district court may deny a COA *sua sponte* and without requiring further briefing or argument. *See*

[2] Because the Motion to Vacate is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. Section 2253, a COA is a "jurisdictional prerequisite" before an appeal

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 and 2255 proceedings, and 28 U.S.C. Section 2253(c), the Court finds that Esche has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If Esche files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED.**

October 21, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

may proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*citing* 28 U.S.C. Section 2253(c)(1)); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that Section 2254 and 2255 actions require a COA).